# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JAMES L. HORTON**                                                                    **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO. 1:08cv1505-HSO-JMR**

**BAY ST. LOUIS POLICE DEPARTMENT,
PEARL RIVER COUNTY JAIL, MEDICAL
STAFF OF PEARL RIVER COUNTY JAIL,
WARDEN REGGIE SMITH, BOARD OF
SUPERVISORS, PEARL RIVER COUNTY,
MISSISSIPPI and JOHN DOES**                                          **DEFENDANTS**

___

# REPORT & RECOMMENDATION
___

This matter comes before the Court pursuant to a Motion [16-1] to Strike Plaintiff's Designation of the "Pearl River County Jail" and the "Medical Staff of Pearl River County Jail" as Defendants filed on October 26, 2009, by the Defendants Reggie Smith and the Board of Supervisors, Pearl River County, Mississippi (collectively hereinafter "defendants"). To date, Plaintiff has failed to file a response in opposition. After considering the record and the applicable law, the Court finds that Defendants' Motion [16-1] to Strike Plaintiff's Designation is well-taken and should be granted.

Plaintiff filed this *pro se* § 1983 action against Defendants on December 23, 2008. At the time of the filing of the Complaint, Plaintiff was not incarcerated in any jail or correctional facility; nor is he presently so incarcerated. Plaintiff alleges that he was incarcerated at the Pearl River County Jail for about four (4) days - December 20 to December 24, 2007. (*See* Pl.'s Compl. [1-1].) Plaintiff claims that subsequent to his incarceration he sought medical treatment at Hancock Medical

Center for an infection on his left foot. *Id.* Plaintiff asserts that the HMC diagnosed the infection as a staph infection and amputated his foot in order to save his life. *Id.* Defendants were served with process on September 25, 2009, and they filed the present Motion [16-1] to Strike Plaintiff's Designation on October 26, 2009 with their Answer to the Complaint. The Defendants seek "to strike Plaintiff's designation of the 'Pearl River County Jail' and the 'Medical Staff of Pearl River County Jail' as defendants in this matter in that they are not proper parties." (*See* Defs.' Mot. [16-1] Strike 1.)

In order to maintain an action pursuant to 42 U.S.C. § 1983, a Plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). This Court notes that jails are not "persons" subject to liability under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Furthermore, the designation "Medical Staff of Pearl River County Jail" is at best a department within the Pearl River County Jail which is merely an arm of the local municipality and not subject to section 1983 actions. The "Pearl River County Jail" and its department the "Medical Staff of Pearl River County Jail" are not "persons" subject to suit within the meaning of 42 U.S.C. § 1983. *See, e.g.*, *Irvin v. Borough of Darby*, 937 F. Supp. 446, 450 (E.D.Pa. 1996) (holding that municipal departments are not "persons" under section 1983 since they are merely an arm of the local municipality); *PBA Local No. 38 v. Woodbridge Police Department*, 832 F. Supp. 808, 825-26 (D.N.J. 1993) (stating, by extensive string citation, that courts unanimously agree that a police department is not a proper defendant in a section 1983 action).

The Court notes that Defendants Warden Reggie Smith and Board of Supervisors, Pearl River County, Mississippi, appropriate municipality designations for a section 1983 suit alleging official capacity constitutional violations occurring in the Pearl River County Jail, remain in the

instant action. Furthermore, John Does was added as a defendant on September 1, 2009 and the Court informed Plaintiff that once he has ascertained the full name and complete mailing address for each John Doe defendant, he may file a motion with the Court providing this information and requesting the issuance of summons. (*See* Order [9-1].)

After careful consideration, the Court concludes that "Pearl River County Jail" and "Medical Staff of Pearl River County Jail" should be stricken as defendants in the instant action as they are not "persons" contemplated by 42 U.S.C. § 1983.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

SO ORDERED, this the ___18th___ day of December, 2009.

                                              s/ John M. Roper
                                        CHIEF UNITED STATES MAGISTRATE JUDGE