IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JAMES L. HORTON | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:08cv1505HSO-JMR |
| BAY ST. LOUIS POLICE DEPARTMENT, PEARL RIVER COUNTY JAIL, MEDICAL STAFF OF PEARL RIVER COUNTY JAIL, WARDEN REGGIE SMITH, BOARD OF SUPERVISORS, PEARL RIVER COUNTY, MISSISSIPPI and JOHN DOES | DEFENDANTS |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause comes before the Court on the Report and Recommendation [23] of Chief United States Magistrate Judge John M. Roper, recommending that the Motion [16] of Defendants Reggie Smith, Warden, and the Board of Supervisors, Pearl River County, Mississippi, to Strike, be granted, and that "Pearl River County Jail" and "Medical Staff of Pearl River County Jail" should be stricken as Defendants in the instant action. No party has filed objections to the Magistrate Judge's Report and Recommendation. Where a party fails to file specific objections to a magistrate judge's report and recommendation, the district court reviews the report and recommendation for findings and conclusions that are clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1); *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Plaintiff filed his *pro se* Complaint against Defendants pursuant to 42 U.S.C. § 1983, for the alleged denial of medical care while incarcerated at the Pearl River County Jail. *See* Pl.'s Compl. [1]. Section 1983 creates a cause of action against any

person who, under color of state law, causes another to be deprived of a federally protected constitutional right. *See* 42 U.S.C. § 1983. By way of their Motion, Defendants sought to strike "Pearl River County Jail" and the "Medical Staff of Pearl River County Jail" as Defendants, on grounds that they were not proper parties to this lawsuit. *See* Defs.' Mot. to Strike [16] at p. 1. This Court notes that jails are not "persons" subject to liability under § 1983. *See Miley v. Jones County Jail*, No. 2:05cv2072, 2007 WL 2159334, at * 8 (S.D. Miss. July 25, 2007). Moreover, the Court agrees with the Magistrate Judge that the "Medical Staff of Pearl River County Jail" is not subject to section 1983 actions. *See Murphy v. Clarke County Jail*, No. 09-0660, 2010 WL 1487872, at * 2 (S.D. Ala. March 31, 2010) ("The Nurses Department (or medical staff) at the jail is not a legal entity distinct from the jail and, therefore, it is not subject to suit, nor is it a "person" for § 1983 purposes.").

No objections having been filed, and based on the record before this Court, the undersigned finds that the Magistrate Judge's findings were not clearly erroneous, nor were his conclusions contrary to law. After referral of hearing by this Court, and having fully reviewed the Report and Recommendation [23], the relevant law, and the record in this matter, and being fully advised in the premises, the Court finds that the Report and Recommendation [23] of Chief Magistrate Judge John M. Roper, should be adopted as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [23] of Chief Magistrate Judge John M. Roper should be and

hereby is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [16] of Defendants Reggie Smith, Warden, and the Board of Supervisors, Pearl River County, Mississippi, to Strike, should be, and hereby is, **GRANTED**, and Defendants "Pearl River County Jail" and "Medical Staff of Pearl River County Jail" should be, and hereby are, **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 17th day of May, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE