IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JAMES L. HORTON | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:08cv1505HSO-JMR |
| BAY ST. LOUIS POLICE DEPARTMENT, PEARL RIVER COUNTY JAIL, MEDICAL STAFF OF PEARL RIVER COUNTY JAIL, WARDEN REGGIE SMITH, BOARD OF SUPERVISORS, PEARL RIVER COUNTY, MISSISSIPPI and JOHN DOES | DEFENDANTS |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause comes before the Court on the Report and Recommendation [50] of Chief United States Magistrate Judge John M. Roper, recommending that the Motion [28] of Defendant Bay St. Louis Police Department to Dismiss, and the Motion [42] to Dismiss for Qualified Immunity of Defendants Pearl River County and Reggie Smith, or Alternatively for Summary Judgment, be granted. Plaintiff has filed a Response to the Motion to Dismiss [42] of Defendants Pearl River County and Reggie Smith, but has not filed a response to the Motion to Dismiss [28] of Defendant Bay St. Louis Police Department. Nor has Plaintiff filed any objection to the Magistrate Judge's Report and Recommendation. Where a party fails to file specific objections to a magistrate judge's report and recommendation, the district court reviews the report and recommendation for findings and conclusions that are clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1); *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

I.  BACKGROUND

Plaintiff filed his *pro se* Complaint pursuant to 42 U.S.C. § 1983, for alleged denial of adequate medical treatment during his detention at the Pearl River County Jail ["PRCJ"]. *See* Pl.'s Compl. [1]. Plaintiff named Bay St Louis Police Department, Pearl River County Jail, Medical Staff of Pearl River County Jail, Reggie Smith, and the Board of Supervisors, Pearl River County, Mississippi, as Defendants. By Order [47] dated May 17, 2010, this Court adopted the Report and Recommendation [23] of the Magistrate Judge, and dismissed Pearl River County Jail and Medical Staff of Pearl River County Jail as Defendants, on grounds that they were not proper parties to this lawsuit.

Bay St. Louis Police Department moved to dismiss Plaintiff's claims on grounds that it is not a proper party defendant in this § 1983 action, or alternatively, that Plaintiff has failed to state a claim against it upon which relief can be granted. Pearl River County and Reggie Smith moved to dismiss Plaintiff's claims, or in the alternative for summary judgment, on grounds that: (1) Plaintiff's claims are frivolous pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a); (2) Plaintiff failed to exhaust administrative remedies pursuant to the PLRA; (3) Plaintiff failed to assert viable § 1983 claims against Reggie Smith in either his individual or official capacity, and also failed to assert viable § 1983 claims against Pearl River County; and, (4) to the extent Plaintiff alleged state law claims, those claims are barred by the Mississippi Tort Claims Act, MISS. CODE § 11-46-1.

## II. DISCUSSION

The Magistrate Judge found that Bay St. Louis Police Department is not a proper party defendant since a city police department "is not a proper party defendant in a civil rights suit arising from the purported actions of the City's police officers." Rep. & Rec. [50] at p. 6 (*quoting Parker v. Ft. Worth Police Dep't*, 980 F.2d 1023, 1025-26 (5th Cir. 1993)). Even if the City of Bay St. Louis, Mississippi, the proper party in interest, were sued, this Court agrees that Plaintiff has failed to state a claim upon which relief can be granted, since he has not pled any facts which state a plausible basis for recovery against the City of Bay St. Louis, Mississippi. The Magistrate Judge properly recommended granting the Bay St. Louis Police Department's Motion [28] to Dismiss.

The Magistrate Judge found that any basis for dismissal asserted by Pearl River County and Reggie Smith under the PLRA should be denied, since the PLRA does not apply to persons, such as Plaintiff, who are not prisoners at the time litigation is implemented. This Court concurs. On review of the substantive claims, the Magistrate Judge concluded that the Complaint fails to state an official capacity claim, since it does not allege that Pearl River County or Reggie Smith implemented a custom or policy in violation of Plaintiff's constitutional rights. The Magistrate Judge further determined that Plaintiff has failed to state a claim against Reggie Smith in his individual capacity, since he does not sufficiently allege that Smith acted with deliberate indifference to Plaintiff's medical needs. The Magistrate Judge alternatively found that Plaintiff had presented insufficient

summary judgment evidence of the existence of an official policy of the PRCJ which violated his constitutional rights, or that Reggie Smith was deliberately indifferent to his medical needs. Finally, the Magistrate Judge concluded that, because Plaintiff was an inmate at the time the alleged events occurred, any claims arising under Mississippi law are barred by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1.

No objections having been filed, and based on a full review of the record before this Court, the undersigned finds that the Magistrate Judge's findings were neither clearly erroneous, nor were his conclusions contrary to law. After referral of hearing by this Court, and having fully reviewed the Report and Recommendation [50], the relevant law, and the record in this matter, and being fully advised in the premises, the Court finds that the Report and Recommendation [50] of Chief Magistrate Judge John M. Roper, should be adopted as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [50] of Chief Magistrate Judge John M. Roper should be and hereby is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [28] of Defendant Bay St. Louis Police Department to Dismiss, should be, and hereby is, **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Motion [42] to Dismiss for Qualified Immunity of Defendants Pearl River County and Reggie Smith, or Alternatively for Summary Judgment, should be, and hereby is,

**GRANTED IN PART AND DENIED IN PART.** The Motion is denied to the extent it seeks dismissal pursuant to the Prisoner Litigation Reform Act. The Motion is granted in all other respects.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the claims against Defendants are dismissed with prejudice. A separate Final Judgment will be entered.

**SO ORDERED AND ADJUDGED**, this the 26th day of August, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE